[Civ. No. 3214. First Appellate District, Division One.—January 14, 1920.]

GERTRUDE E. FOX et al., Appellants, v. CALIFORNIA FRUIT COMPANY (a Corporation), et al., Respondents.

[1] FINDINGS — CONFLICTING EVIDENCE — APPEAL.—Where the evidence upon which the trial court based its judgment is conflicting, the appellate court is not at liberty to disturb the findings and conclusion thereon.

[2] DEEDS—CONDITIONS SUBSEQUENT—WAIVER—PAROL EVIDENCE.—In an action to enforce a certain forfeiture clause in a deed executed by plaintiffs' decedent to a corporation and conditioned upon the payment by the corporation to her of a specified sum monthly, evidence of the statements, acts, and conduct of such decedent subsequent to the making of the deed are admissible as tending to show a waiver by her of the requirements of such condition subsequent.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank T. Bates and Robt. M. McHargue for Appellants.

Byron Waters, Holcomb & Coy and Leonard, Surr & Hellyer for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action instituted by the plaintiffs as heirs, and by one of them as the administratrix of the estate, of Emily M. Merryfield, deceased, to enforce a certain forfeiture clause in a deed made by said Emily M. Merryfield in her lifetime to the defendant, California Fruit Company. The record shows as an undisputed fact that for some years prior to January, 1907, Mrs. Emily M. Merryfield, a widow with five sons and two daughters, had been the owner and in possession of several pieces of property in the county of San Bernardino which were largely planted to orange trees and were quite valuable. She was on the above date about sixty-four years of age, and was somewhat infirm in general health and was gradu-

ally becoming blind. She concluded to convey her said properties to her five sons upon certain conditions subsequent, in order to which conveyance and to carry out its conditions the five sons concluded to organize a corporation, to be known as California Fruit Company, to be composed exclusively of themselves as stockholders, directors, and officers. This they did, and thereupon said several properties were deeded to said corporation. This deed contained a condition subsequent to the effect that as the consideration for the conveyance the grantee agreed to pay to the grantor the sum of $150 monthly in advance as long as she should live, provided that if the said grantee should fail to make any of said monthly payments within ninety days after any of the same should become due and payable during her lifetime, then upon such default the deed should become null and void, and all property and rights thereby conveyed should revert to the grantor, her heirs and assigns, and all right, title, and interest of said grantee should thereupon wholly cease.

The complaint in the action, after setting forth the foregoing facts, alleges that from a time commencing about November 7, 1910, and continuing up to the time of the death of said Emily M. Merryfield in April, 1913, the said California Fruit Company had begun and continued to be quite irregular and delinquent in the matter of making the monthly payments to her in accordance with the requirements of said deed, and that at and prior to the said time of the death of said Emily M. Merryfield a sum upward of one thousand dollars was past due and payable upon its said obligation, and had been so past due and payable for a period of more than ninety days prior to the said date of her death. The complaint also alleges that on the seventh day of November, 1910, the defendant Charles L. Merryfield, who was the eldest son of the said Emily M. Merryfield and who was also the president of and a large stockholder in the California Fruit Company, induced his said mother to execute and deliver to him a general power of attorney, authorizing him to transact all of her said business, and that on the tenth day of May, 1912, professing to act under the authority of said power of attorney, the said Charles L. Merryfield made and delivered to the California Fruit Company a quitclaim deed of all of the right, title,

and interest of said Emily M. Merryfield in and to all of the properties covered by her said former deed to said corporation; that said quitclaim deed was made without the knowledge, consent, or permission of said Emily ·M. Merryfield, and was made with the fraudulent purpose of depriving said Emily M. Merryfield, her heirs and assigns, of all of her rights in said lands, and particularly of her right of forfeiture for a breach of said condition subsequent embraced in her original conveyance thereof; that at the time of the making of said quitclaim deed said Emily M. Merryfield was very ill and was expected presently to die, but that upon her recovery from such illness and upon her discovery of the making and recording of said quitclaim deed she revoked the power of attorney of said Charles L. Merryfield. That by virtue of the foregoing facts the said quitclaim deed was a fraudulent conveyance and void. That upon the death of said Emily M. Merryfield her two daughters, the plaintiffs herein, as heirs, devisees, and legatees of said Emily M. Merryfield, deceased, and as representing her estate, served upon the California Fruit Company their notice and claim of forfeiture under the condition subsequent of said original deed, and demanded a reconveyance of all of said properties, which being refused, they instituted the present action to enforce such forfeiture and compel such reconveyance.

The answer of the defendants admitted many of the facts alleged in the complaint, but denied either that the power of attorney or the quitclaim deed above referred to were procured by or tainted with any fraud on the part of said Charles L. Merryfield or of said corporation, and in that behalf alleges that the said Emily M. Merryfield prior to her death and with a full knowledge and understanding of all of the acts of said Charles L. Merryfield, under said power of attorney, fully ratified and confirmed the same, and also fully ratified and confirmed the said quitclaim deed; and the defendants further allege that the said Emily M. Merryfield, with a full knowledge of the facts, fully waived any and all default in the making of the payments required by the condition subsequent in her original deed, and fully waived any forfeiture arising out of any such default, and fully waived and forgave any indebtedness

due or owing to her from the California Fruit Company within ninety days prior to her death.

The cause went to trial upon the issues thus framed, and after the introduction of considerable evidence *pro* and *con* by the respective parties the court made its findings of fact and conclusions of law. As to the undisputed facts the court found them to be as above stated; but as to most of the matters in dispute between the parties the findings of the trial court are in favor of the defendants. The court expressly found that the quitclaim deed executed to the corporation by said Charles L. Merryfield under the power of attorney from his mother was void as not having been within the powers conferred upon him by the power of attorney, but the court also found that said deed was not fraudulently made, nor was the fact of its having been made fraudulently concealed from Mrs. Merryfield. The court also found that as to the power of attorney it was not obtained fraudulently or by any inducement on the part of Charles L. Merryfield but was given freely and voluntarily to him by his mother, and that while she did at one time revoke the same, nevertheless her said son thereafter continued to possess her full confidence and to act in important matters as her attorney in fact up to the time of her death. The court also found that while there had been at various times lapses in the prompt payment of the monthly sums provided for in the original deed from Mrs. Merryfield to the corporation, these defaults on its part had been consented to by her, and its delinquencies and any forfeiture resulting therefrom fully waived by her for good and sufficient reasons well understood by her at the time of such waivers, and that at the time of her death there were no existing delinquencies in said payments which had not been fully consented to by her, and hence there was no ground for declaring a forfeiture under the condition subsequent of her said deed. As to any averments in the plaintiffs' complaint hostile to these findings the court specifically finds these to be untrue. Judgment accordingly went for the defendants.

Upon appeal from such judgment the appellants direct their main assault upon the foregoing findings of the trial court upon the ground that they are not sufficiently supported by the evidence in the case. This contention is with-

out merit. [1] While it may be true that as to certain probative findings of the court, as, for instance, its finding with respect to the validity or purposes of the quitclaim deed, the evidence may not sufficiently support its conclusion, nevertheless as to the essential findings of the court with respect to the absence of any fraud in the dealings throughout between the corporation or its officers and members and Mrs. Merryfield, and as to the fact of the latter's waiver of any delinquencies in making the payments required by the condition subsequent of her original deed, and as to the nonexistence of any rights of forfeiture in herself or her heirs at the time of her death, the evidence is fully sufficient to sustain these findings; and whatever of conflict there may be in such evidence as to these matters having been resolved by the trial court in the defendants' favor, we are not at liberty to disturb its findings and conclusion thereon.

[2] The only other point urged by the appellants upon this appeal is that the trial court erred in admitting in evidence over their objection the statements, acts, and conduct of Mrs. Merryfield subsequent to the making of her deed to the corporation as tending to show her waiver of the requirements of the condition subsequent. The ground of these objections is that such evidence was inadmissible as tending to vary the terms of a written agreement. This contention has no merit, for while it may be conceded, as the appellants claim and as the only cases cited by them decide, that mere indulgence or acquiescence in breaches of an agreement will not suffice to amount to a waiver of its requirements, this goes merely to the effect and not to the admissibility of such evidence; on the other hand, there is ample authority to support the position that a waiver of a forfeiture may be shown by oral statements or by the acts and conduct of the party entitled to insist upon the penalty of the breach of a condition subsequent, and that the admission of such evidence is not violative of the rule against varying written contracts by parol. (Wigmore on Evidence, sec. 2441, and cases cited.)

No other points being urged upon this appeal, the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.